JUDGMENT

PER CURIAM.
This appeal was considered on the record, the briefs, and the oral arguments of the parties. The court has accorded the issues full consideration and • has determined they do not warrant, a published opinion. See FED. R. APP. P. 36; D.C. CIR. R. 36(d). For the reasons stated below, it is
ORDERED and ADJUDGED that the petition for review be denied.
From September 1998 through October 2000, Staton Holdings was the authorized user of the “All Eights Number,” 888-888-8888. In October 2000, Staton’s phone carrier, MCI WorldCom Communications, Inc. mistakenly disconnected Staton from the number and subsequently reassigned the number to another company. That company switched carriers, from MCI to Sprint Communications Company. More than two years after the disconnection, Staton finally sought relief from MCI (as the wrongful actor) and Sprint (as the current carrier) before the Federal Communications Commission (FCC). At that point, however, MCI was embroiled in bankruptcy proceedings, making Staton a potential creditor. Presumably desiring some finality to the bankruptcy process, the Bankruptcy Court only consented to Staton’s pursuit of its claims before the agency in exchange for the parties’ agreement that, if the agency concluded MCI’s conduct was negligent as opposed to willful, damages would be liquidated at $1000 and Staton’s damages claims would “not [be] subject to further appeal by either party.” J.A. 341.
The FCC did indeed make a negligence finding, and after a failed motion for reconsideration, Staton now petitions this court. Staton presses three arguments for relief from the FCC’s decision declining to reconsider Staton’s position. First, as Sta-ton’s counsel reluctantly admitted at argument, Staton is unable to challenge the FCC’s negligence finding. Or. Arg. 4:25-6:30. Because the finding of negligence resolved Staton’s claim for damages, any challenge to that finding falls squarely within the stipulation’s prohibition.
Second, although counsel argued valiantly to the contrary, we find that the Bankruptcy Court stipulation also bars our consideration of any newly discovered evidence. The parties agreed Staton’s claim for damages was “not subject to further appeal by either party.” J.A. 341. This language is quite broad; it precludes appeal of the damages finding on any ground. An appeal asserting newly discovered evidence is still an appeal, and we cannot countenance review of this argument.
*3 Finally, Staton seeks equitable relief, asking this court to vacate the FCC’s reconsideration order denying Staton’s request that the third party surrender to Staton the All Eights Number. Under the APA, our review of the FCC’s decision denying that request is for abuse of discretion. Cellco P’ship v. FCC, 357 F.3d 88, 93-94 (D.C.Cir.2004) (quoting 5 U.S.C. § 706(2)(A)). Because Staton petitions for relief from the FCC’s Order on Reconsideration, it is that decision we examine. Nonetheless, some background detailing the FCC’s initial order is useful.
In its initial order denying Staton’s requested equitable relief, the FCC deemed significant both Staton’s delay of nearly eighteen months before commencing proceedings and Staton’s inability to quantify explicitly the amount of damages it suffered from loss of the All Eights Number. The FCC also expressed concern about causing harm to the third party currently using the All Eights Number if the FCC transferred that number back to Staton. Based on these considerations, the FCC concluded the equities weighed against Staton.
On its motion for reconsideration, Staton presented evidence that the third party was no longer using the number, and argued that the balance of the equities now tipped in its favor. The FCC again denied Staton relief, explaining that Staton’s new evidence was pure speculation. That, coupled with Staton’s failure yet again to quantify its harm or to explain its delay in seeking relief, counseled against granting Staton’s equitable request. Reviewing this reconsideration order for abuse of discretion, we find no error in the FCC’s conclusion. The FCC sufficiently explained its consideration of the equities, and its reasoning is therefore not subject to attack under the APA’s “highly deferential” standard of review. See Cellco, 357 F.3d at 93-94.
The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).